# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BRYAN AND GISELE THISSEN,<br><br>        Debtors/Appellants. | CASE NO. CV F 09-0376 LJO<br><br>**ORDER ON STIPULATION TO CERTIFY APPEAL** |

This matter is on appeal from the bankruptcy court. On May 26, 2009, this Court affirmed the decision of the bankruptcy court to hold that a wholly unsecured junior deed of trust is not "contractually due to secured creditors" within the meaning of 11 U.S.C. §707(b)(2)(A)(iii)(I), and should not be included on Form 22C, line 47 as a deduction to calculate the proposed disposable income of a debtor when treated as an unsecured claim in the Chapter 13 bankruptcy plan. The parties appealed this interlocutory order. Finding no jurisdiction to consider the interlocutory order without a certificate of appealability, the appellate court dismissed the appeal on November 19, 2009. On December 23, 2009, the parties stipulated to request certification of appealability of this Court's order affirming an interlocutory order of the bankruptcy court.

In its May 26, 2009 order, this Court considered whether jurisdiction of the interlocutory appeal was proper. The parties, in appeals to this Court and to the intermediate court, inexplicably ignore this fundamental question. The Court made clear that "[a]ppellants have no right to appeal an interlocutory order without leave to do so. *In re Roderick Timber Co.*, 185 B.R. 601, 604 (9th Cir. BAP 1995)." May Order, 4.

Nevertheless, this Court grants the parties' request to certify the question for appeal. Pursuant to 28 U.S.C. §1292(b), the appellate court may accept an interlocutory appeal when the district court determines that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." To determine whether to certify a question for appeal, the Court considers the following: (1) whether the order on appeal involves a "controlling question of law as to which there is a substantial ground for difference of opinion;" (2) whether an "immediate right to appeal will materially advance the ultimate termination of the litigation;" and (3) whether denying leave to appeal "will result in wasted litigation and expense." *Roderick*, 185 B.R. at 604; 28 U.S.C. §1292(b). Here, each of the factors favors certification.

First, the order on appeal involves a controlling question of law as to which there is demonstrable difference of opinion. The controlling question of law is whether a junior deed of trust is an amount "scheduled as contractually due to secured creditors" pursuant to 11 U.S.C. §707(b)(2)(A)(iii)(I) when a Chapter 13 plan proposes to treat the junior deed of trust as an unsecured claim pursuant to a Lam motion. The two United States Bankruptcy Judges at the Eastern District of California, Fresno Division have considered this issue and reached opposite conclusions. In this action, on February 12, 2009, United States Bankruptcy Judge W. Richard Lee concluded that a junior deed of trust is not an amount "contractually due to a secured creditor" within the meaning of the applicable statute. The next day, United States Bankruptcy Judge Whitney Rimel concluded, under nearly identical facts, that the junior deed of trust was "contractually due" to secured creditors, and allowed the junior deeds of trust to be included on Form 22C, Line 47 as a deduction. *In re Armistead*, Case No. 08-17224-A-3 (E.D. Cal. 2009). These two cases, decided a day apart, illustrate the substantial difference of opinion on this controlling legal issue.

Second, determination of this appeal will advance the action materially and will avoid wasted litigation and expense. The order to deny the Chapter 13 plan, if continued without resolution of this divided issue, may result in wasted litigation and expense in the event that order is not upheld. Both the debtors' attorney and the Chapter 13 Trustee have litigated this issue twice in this District, resulting in an unresolved split decision. Both parties have other actions pending that raise this issue. Thus, the

parties stipulated to this appeal, and agree that wasted expense of litigation in other cases may arise unless this Court resolves this issue in a timely manner. Accordingly, resolution of this issue will provide guidance to the bankruptcy courts and practitioners, which will preserve judicial resources and avoid wasted and unnecessary expense of further litigation.

Because two United States Bankruptcy Judges in the United States Bankruptcy Court, Eastern District of California, Fresno Division are divided on this issue, and deciding this appeal would conserve judicial resources and provide guidance for bankruptcy judges and practitioners, this Court GRANTS the parties request and CERTIFIES the May 26, 2009 order for interlocutory appeal.

IT IS SO ORDERED.

**Dated:   December 24, 2009**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE